J. A. and W. BIRD & COMPANY, Respondents, v. GUSTIN-BOYER SUPPLY COMPANY, Appellant.

Kansas City Court of Appeals, February 4, 1907.

1. TRIAL AND APPELLATE PRACTICE: Motion for New Trial: Instructions. Objections to instructions should be made in a motion for new trial or they are not saved.

2. TRIAL PRACTICE: Pleading: Variance: Evidence. A declaration is held to be justified by the evidence which also supports the finding; and variance in details between the pleading and the proof is waived where objection to the introduction of the evidence is not made at the trial.

Appeal from Jackson Circuit Court.—*Hon. Henry L. McCune,* Judge.

AFFIRMED.

*Marley, Fontron & Swearingen* for appellant.

(1) Plaintiff cannot sue upon one contract and recover upon another. Marcum v. Smith, 26 Mo. App. 460; Cosgrove v. Realty Co., 175 Mo. 111; Cole v. Armour, 154 Mo. 351. (2) The evidence of plaintiff shows conclusively that the contract actually made between the parties contained a proviso or condition which should have been plead and proved by plaintiff. Bayse v. Ambrose, 32 Mo. 484; Ricketts v. Hart, 73 Mo. App. 653; United States v. Beard, 5 McLean 441; Boden v. Maher, 95 Wis. 65; Weeks v. O'Brien, 141 N. Y. 199. (3) Plaintiff's declaration of law is not supported either by the pleadings of the second count of plaintiff's petition or by the evidence, and is erroneous. Wright v. Foreda, 44 Mo. App. 634; State ex rel. v. Sittlington, 51 Mo. App. 252; Whitlock v. Appleby, 49 Mo. App. 295; Whipple v. B. and L. Assn., 55 Mo. App. 554; Bank v. Westlake, 21 Mo. App. 565. (4) There is a failure of proof and the judgment on the second count should be reversed. M'Cartney v. Finnel, 106 Mo. 445; Avery v. Fitzgerald, 94 Mo. 204; Ettlinger v. Lederer, 33 Mo. App. 426; Martinowsky v. Hannibal, 35 Mo. App. 75; Rodgers v. Happer, 74 Mo. App. 437.

*Scarritt, Scarritt & Jones* for respondents.

We respectfully submit that upon the record defendant's appeal herein is wholly devoid of merit and frivolous, and that this case should be affirmed with ten per cent damages. R. S. 1899, sec. 867; Banister v. Henn, 45 Mo. 567; Kelly v. Express Co., 45 Mo. 428.

ELLISON, J.—This action is based upon a petition containing two counts. Plaintiffs obtained judgment in the trial court.

There is no contest in this court over the first count and should not be as to the second. We are not able to discover any possible ground to justify a reversal of the judgment.

The second count pleads an agreement whereby plaintiffs were to employ a certain traveling salesman or drummer to sell certain goods handled by both plaintiffs and defendant in a certain territory. That plaintiffs would advance the salary and expenses of the salesman and make a statement thereof to defendant who would thereupon remit the sum to plaintiffs. Performance by plaintiffs is then pleaded and a failure of defendant to pay is alleged. The trial court gave a declaration of law submitting the issue, as thus tendered by the petition and defendant's general denial. No objection was made to this declaration by defendant's motion for new trial.

It is contended that there was a different case made by the evidence from that stated in the petition. We do not think so. The declaration for plaintiffs was justified by the evidence and the finding of the court concludes us since it has evidence tending to support it. The most that could be said by the way of objection, would be that there was some variance in matter of detail between the proof and the case stated. But no proper objection was made at the trial which has so often been stated to be necessary when a variance is the ground of complaint. It is, however, said that there was a failure of proof, but we think that point is not well taken.

The judgment, being the only one that could well have been rendered and being manifestly for the right party, is affirmed. All concur.